IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY AIR CONDITIONING & REPAIR, INC., <br><br> Plaintiff, <br><br> v. <br><br> BENEFICIAL LIFE INSURANCE COMPANY, and DOES 1 through 50, inclusive, <br><br> Defendant. | CV-F-07-01087 AWI-SMS <br><br> MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT BENEFICIAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S THIRD, FOURTH, AND FIFTH CAUSES OF ACTION |

This case comes before the Court on Defendant Beneficial Life Insurance Company's ("Beneficial") motion to dismiss various causes of action in the complaint filed by Plaintiff Valley Air Conditioning & Repair, Inc. ("Valley Air") for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6). Defendant alternatively moves to strike the fourth cause of action in the complaint pursuant to Rule 12(f) for purported redundancy with the second cause of action. For the reasons stated herein, Plaintiff's third, fourth, and fifth causes of action are dismissed with prejudice. Plaintiff, however, is given leave to amend its second cause of action to incorporate the allegations presently in the fourth cause of action.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Valley Air filed its complaint against Beneficial in Superior Court of California, County

of Fresno on June 29, 2007, regarding an insurance policy issued by Beneficial covering John Tobbie Hopper ("Hopper") for $500,000.  Beneficial is an insurance company domiciled in the State of Utah.  Plaintiff alleges that it is the beneficiary under the policy, and that on or about January 26, 2006 it filed a claim for payment of benefits under the policy.[1]  Plaintiff further alleges that on or about April 6, 2006, Beneficial wrongly refused to pay benefits due under the policy.  Plaintiff's complaint alleged five causes of action: breach of insurance contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties, intentional interference with a protected property interest, and unfair claims settlement practices in violation of California Insurance Code § 790.03(h).

Beneficial removed the case to federal court on July 26, 2007, apparently on diversity grounds.  On August 6, 2007, Beneficial moved to dismiss Plaintiff's third, fourth, and fifth causes of action for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6).  Beneficial also moved to strike Plaintiff's fourth claim because it is purportedly redundant of the second claim.

## LEGAL STANDARD ON MOTION TO DISMISS

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Dismissal under Rule 12(b)(6) can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognziable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984).  A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007).  Essentially, a motion to dismiss for failure to state a claim tests plaintiff's compliance with the liberal requirements of

---

[1] According to Plaintiff, Mr. Hopper died on December 24, 2005.  Valley Air was represented by Tobbie D. Biglione, Mr. Hopper's daughter and an officer and director of Valley Air who was authorized to file the claim.

Rule 8 of the Federal Rules of Civil Procedure.  5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356, at 294-96.  In considering a motion to dismiss, the court must accept as true the material facts alleged in the complaint, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), and liberally construe the complaint in favor of plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial.  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## DISCUSSION

Beneficial argues that Plaintiff's cause of action for breach of fiduciary duties fails to state a claim because under California law an insurer is not a fiduciary; that a cause of action for intentional interference with a protected property interest is not a remediable claim; and also that violation of Insurance Code § 790.03(h) does not give rise to a private cause of action.  Plaintiff's opposition brief only addressed the claim for intentional interference with a protected property interest, and failed to respond to Defendant's arguments regarding an insured's purported fiduciary duties and the Insurance Code § 790.03(h) claim.

***Breach of Fiduciary Duties and Violation of Insurance Code § 790.03(h) Claims***

As Defendant argues, under California law an insurer does not owe fiduciary duties to its insured or to beneficiaries.  Although an insurer may have special duties to an insured, it is well-established that these duties do not give rise to a fiduciary relationship.  *See Vu v. Prudential Property & Casualty Ins. Co.* (2001) 26 Cal. 4th 1142, 1151 ("This characteristic has led the courts to impose 'special and heightened' duties, but "[w]hile these 'special' duties are akin to, and often resemble, duties which are also owed by fiduciaries, the fiduciary-like duties arise

because of the unique nature of the insurance contract, not because the insurer is a fiduciary."), quoting *Love v. Fire Ins. Exchange* (1990) 221 Cal. App. 3d 1136, 1148.  Additionally, the California Supreme Court has held that Insurance Code § 790.03(h) does not create a private cause of action.  *See Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal. 3d 287, 304 ("Neither section 790.03 nor section 790.09 was intended to create a private civil cause of action against an insurer that commits one of the various acts listed in section 790.03, subdivision (h).").

Valley Air tacitly concedes these causes of action are without merit by failing to address Beneficial's arguments in its opposition.  Amendment of the complaint would not cure the defects in the complaint because Plaintiff does not state a cognizable legal theory under either its breach of fiduciary duty claim or violation of Insurance Code § 790.03(h) claim.  Accordingly, Plaintiff's third cause of action, for breach of fiduciary duties, and fifth cause of action, for violation of Insurance Code § 790.03(h) are dismissed with prejudice.

*Intentional Interference with Protected Property Interest*

Plaintiff's fourth cause of action is styled as "intentional interference with a protected property interest."  According to Plaintiff, "Beneficial knew that Plaintiff was relying on the financial assistance from the insurance proceeds and benefits as promised in the Policy.  Plaintiff had a protected property interest in such benefits.  Nevertheless, Beneficial intentionally and willfully interfered with this property interest by refusing to pay to Plaintiff the benefits as promised in the policy." Complaint ¶ 22.  Beneficial argues that California does not recognize such a cause of action[2] or, in the alternative, that this cause of action is duplicative of the second cause of action for breach of the implied covenant of good faith and fair dealing and thus subject

---

[2] Beneficial improperly cites a non-published federal district court opinion for the proposition that intentional interference with a protected property interest is not a remediable cause of action.  The Court will not consider unpublished cases in its disposition of the instant motion.

4

to a motion to strike.

Plaintiff appears to have drawn its label for the "interference with a protected property interest" claim from *Fletcher v. Western National Life Ins. Co.* (1970) 10 Cal. App. 3d 376, a California court of appeal decision that, in the context of an intentional infliction of emotional distress claim by an insured against his insurer for breach of the covenant of good faith and fair dealing, recognized an additional basis of liability.

> We further hold that, independent of the tort of intentional infliction of emotional distress, such [bad faith] conduct on the part of a disability insurer constitutes a *tortious interference with a protected property interest* of its insured for which damages may be recovered to compensate for all detriment proximately resulting therefrom, including economic loss ....

*Fletcher*, 10 Cal. App. 3d at 401-402. (emphasis added).

Subsequent courts have characterized the "tortious interference with a protected property interest" language in *Fletcher* as "more appropriately appraised as a claim for tortious breach of a duty imposed by the contractual implied covenant of good faith and fair dealing...." *See*, *e.g.*, *Hand v. Farmers Ins. Exchange* (1994) 23 Cal. App. 4th 1847, 1854; *see also McDowell v. Union Mutual Life Ins. Co.*, 404 F. Supp. 136, 146 (C.D. Cal. 1975) ("the gravamen of the bad faith cause of action in tort is the tortious interference with an intangible property interest") (interpreting California law).  Thus, "tortious interference with a protected property interest" is understood as a constituent component of the tort of breach of the covenant of good faith and fair dealing, rather than an independent cause of action.

Plaintiff's fourth cause of action is dismissed, with prejudice.  However, Plaintiff is given leave to amend its second cause of action for breach of the implied covenant of good faith and fair dealing to include the allegation for tortious interference with a protected property interest.  Beneficial makes a number of objections to that allegation in its present form.  Accordingly, to shape the contours of that allegation as amended the Court also reaches Beneficial's arguments regarding the sufficiency of the allegation.

Valley Air's complaint alleges that the insurance policy proceeds themselves are the

5

"protected property interest." Beneficial argues that the protected property interest recognized in *Fletcher* referred to certain economic losses, loss of real property and mortgage late fees, suffered by the plaintiff in that case rather than to the insurance policy proceeds themselves. The Court agrees with Beneficial's argument. *Fletcher* recognizes that a plaintiff is entitled to recover for economic loss resulting from an insurer's bad faith conduct. *See Fletcher*, 10 Cal. App. 3d at 402 ("Although it might be possible to rest our decision solely upon the first holding, we make the latter holding because we believe that it squares with the economic, social and legal realities of the problem presented. The tortious conduct in this case has resulted, and could be expected to result, in both economic loss and emotional distress.").

Plaintiff's argument that the insurance proceeds are themselves a protected property interest is unavailing. *Fletcher* indicates that a claim for "tortious interference with a protected property interest" protects a plaintiff against *economic loss stemming from* an insurer's *bad faith* failure to pay. *See Fletcher*, 10 Cal. App. 3d at 402. There is no protected property interest in insurance proceeds that an insurer declines to pay absent some economic loss engendered by the insurer's bad faith refusal to pay insurance proceeds. To be legally sufficient, Plaintiff's amended complaint should include factual allegations that Plaintiff has suffered economic loss suffered *as a result of* Beneficial's alleged wrongful withholding of insurance proceeds, rather than alleging that the proceeds themselves are the protected property interest.

Beneficial also maintains that Valley Air has a contingent rather than a vested interest in the policy proceeds because such proceeds were never actualized. This issue is best resolved at summary judgment rather than at the pleading stage. At this stage, a court must assume that Plaintiff's factual allegations are true. Beneficial is entitled to test the sufficiency of Plaintiff's allegations, but at the pleading stage all Plaintiff has to allege is that the proceeds are "due," which Plaintiff plainly does in the second cause of action. *See* Complaint ¶¶ 14, 15.

Given the disposition of the motion to dismiss, Beneficial's motion to strike the fourth cause of action is denied as moot.

**CONCLUSION AND ORDER**

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss the third cause of action for "breach of fiduciary duties," the fourth cause of action for "interference with a protected property interest," and fifth cause of action for violation of California Insurance Code § 790.03(h) is hereby GRANTED;
2. Plaintiff's third, fourth, and fifth causes of actions are dismissed with prejudice;
3. Plaintiff is given leave to amend its Complaint to incorporate the allegations in the fourth cause of action for "intentional interference with a protected property interest" into the second cause of action for "breach of the implied covenant of good faith and fair dealing";
4. Defendant's motion to strike the fourth cause of action is DENIED as moot;
5. Any amended complaint SHALL BE FILED within 20 days of this order's date of service.

IT IS SO ORDERED.

Dated:   September 19, 2007           /s/ Anthony W. Ishii
                                      UNITED STATES DISTRICT JUDGE