IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VALLEY AIR CONDITIONING & REPAIR, INC.,**<br><br>            Plaintiff,<br><br>    v.<br><br>**BENEFICIAL LIFE INSURANCE CO.,** and DOES 1-50 inclusive,<br><br>            Defendant. | 1:07-CV–1087 AWI SMS<br><br>ORDER CLOSING CASE IN LIGHT OF THE PARTIES'S RULE 41(a) VOLUNTARY DISMISSAL WITH PREJUDICE |

On December 4, 2008, the parties filed a stipulation for dismissal with prejudice of this case pursuant to Federal Rule of Civil Procedure 41(a)(1). The notice is signed by all parties who have appeared in this case.

Rule 41(a)(1), in relevant part, reads:

(A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. See Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made

in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(A); <u>Eitel</u>, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval."  <u>In re Wolf</u>, 842 F.2d 464, 466 (D.C. Cir. 1989); <u>Gardiner v. A.H. Robins Co.</u>, 747 F.2d 1180, 1189 (8th Cir. 1984); <u>see also</u> <u>Gambale v. Deutsche Bank AG</u>, 377 F.3d 133, 139 (2d Cir. 2004); <u>Commercial Space Mgmt. Co. v. Boeing Co.</u>, 193 F.3d 1074, 1077 (9th Cir. 1999) <u>cf</u>. <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1)(i) dismissals).  "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice."  <u>Wilson</u>, 111 F.3d at 692; <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995).

    As the parties have filed a stipulation for dismissal of this case under Rule 41(a)(1) that is signed by all parties who have made an appearance, this case has terminated.  <u>See</u> Fed. R. Civ. Pro. 41(a)(1)(A)(ii); <u>In re Wolf</u>, 842 F.2d at 466; <u>Gardiner</u>, 747 F.2d at 1189; <u>see also</u> <u>Gambale</u>, 377 F.3d at 139; <u>Commercial Space Mgmt</u>, 193 F.3d at 1077; <u>cf</u>. <u>Wilson</u>, 111 F.3d at 692.

    Therefore, IT IS HEREBY ORDERED that the Clerk is to close this case in light of the parties's filed and properly signed Rule 41(a)(1)(A) Stipulation Of Dismissal with prejudice.

IT IS SO ORDERED.

**Dated:     December 5, 2008**          /s/ **Anthony W. Ishii**
                                                  CHIEF UNITED STATES DISTRICT JUDGE